MCM:NR
F.# 2018R0509

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 10 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

　　　　　-against-

MARK WEISSMAN,

　　　　　　　Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

STIPULATION & PROTECTIVE ORDER

18 CR 524 (DLI)

　　　　　IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court that a protective order be issued pursuant to Federal Rule of Criminal Procedure 16(d) ("Protective Order"), stating that:

　　　　　1.　　The government will produce material to Defense Counsel (as defined below) marked with the words "PROTECTED MATERIAL," or otherwise identified in the government's sole discretion in writing as such (the "Protected Discovery"). The Protected Discovery will include:

　　　　　　　　a.　Consensual recordings made of telephone calls and meetings involving Mark Weissman and Igal Haimoff;

　　　　　　　　b.　Text messages sent to or from individuals including: Mark Weissman, Igal Haimoff and Andrew Tepfer; and

　　　　　　　　c.　Judicial applications relating to search warrants obtained for the telephones of Andrew Tepfer and Igal Haimoff.

MARK WEISSMAN (the "defendant"), Defense Counsel or Defense Counsel's Team (as defined below), and must remain in the custody of the Defense Counsel at all times.

2. "Defense Counsel" is defined as an attorney who has filed a notice of appearance on behalf of the defendant and is admitted to practice in the Eastern District of New York ("EDNY"), or was admitted to the EDNY pro hac vice to represent the defendant. "Defense Counsel's Team" is defined as an attorney employed by Defense Counsel's law firm or organization who is assigned to assist in the preparation of the defense. Defense Counsel's Team also includes paralegals, investigators, translators, litigation support personnel and secretarial staff employed by Defense Counsel's law firm or organization who are assigned to assist in the preparation of the defense. Defense Counsel's Team also includes those persons who are formally engaged to assist in the preparation of the defense, including Expert Witnesses.[1]

3. Defense Counsel shall review the terms of this Protective Order with the defendant and members of the Defense Counsel's Team. Further, Defense Counsel shall have the defendant and every member of the Defense Counsel's Team sign an acknowledgement form provided by the government affirming that they understand the terms of the Protective Order and consequences of violating the Protective Order prior to reviewing any of the Protected Discovery. Defense Counsel shall keep an accounting of the pages of the Protected Discovery provided to members of the Defense Counsel's Team.

4. When negotiating with a Prospective Expert Witness[2] in anticipation of engaging that person to assist in the preparation of the defense, Defense Counsel, or any defense

---

[1] An "Expert Witness" is defined as a person who has been retained by Defense Counsel to offer testimony at trial pursuant to Federal Rule of Evidence 702.

[2] A "Prospective Expert Witness" is defined as a person who potentially may offer expert testimony at trial or who otherwise will provide scientific, technical or other specialized knowledge to Defense Counsel that is necessary to the preparation of the defense pursuant to Federal Rule of Evidence 702. A "Prospective Expert Witness" does not include

investigator or paralegal who is part of Defense Counsel's Team, may show (but not provide) Protected Discovery to the Prospective Expert Witness, if it is determined that it is necessary to do so for the purpose of engaging the expert or preparing the defense of the case. Each Prospective Expert Witness to whom disclosure of Protected Discovery is made shall be provided a copy of this Protective Order by Defense Counsel and will be advised by Defense Counsel that he or she shall not further disseminate the Protected Discovery, except at the express direction of Defense Counsel and in accordance with the terms of this Protective Order. Defense Counsel shall have the Prospective Expert Witness sign an acknowledgement form provided by the government affirming that he or she understands the terms of the Protective Order and consequences of violating the Protective Order prior to reviewing any of the Protected Discovery. Defense Counsel shall keep an accounting of the pages of the Protected Discovery shown to Prospective Expert Witnesses.

5. Should Defense Counsel wish to have persons who are not part of the Defense Counsel's Team, other than Prospective Expert Witnesses, review copies of the Protected Discovery for the purposes of assisting in the defense of this case, Defense Counsel shall submit those individuals' names <u>ex parte</u> to the Court with 30 days of those individuals (collectively, "Prospective Witnesses") viewing the Protected Discovery. A Prospective Witness shall:

    a. sign the acknowledgement form described in paragraph 3, above, prior to viewing the Protected Discovery;
    b. view the Protected Discovery in the presence of a member of the Defense Counsel's Team. The Defense Counsel's Team shall keep an accounting of the pages of the Protected Discovery provided to the Prospective Witness and ensure that all pages of the Protected Discovery remain in the custody of Defense Counsel or the Defense Counsel's Team; and

---

potential fact witnesses, investigators or any person who is not qualified to offer testimony regarding scientific, technical or other specialized knowledge under Rule 702.

      c. not retain custody of any of the Protected Discovery.

6. The Protected Discovery may not be removed from the United States. This prohibition precludes the Protected Discovery from being emailed or transferred electronically, or otherwise being disseminated in any other format or by any other means, to persons located outside the United States.

7. The defendant is prohibited from disseminating or discussing Protected Discovery with any individuals other than defense counsel; the defense counsel's team; and other persons to whom the Court may authorize disclosure.

8. The defendant is prohibited from taking Protected Discovery, or copies thereof, into any jail facility, or possessing such material or copies in any such facility, except when reviewing the material in the presence of defense counsel and the defense counsel's team. Such persons may review with the defendant Protected Discovery produced by the government to defense counsel, but may not permit the defendant to retain such materials, or copies thereof.

9. The provisions of this Protective Order shall not be construed as preventing disclosure of any information in the public domain (other than through a violation of the Protective Order) or information obtained independently from the sources described in Paragraph 1 above.

10. Absent prior agreement of the government or permission from the Court, Protected Discovery shall not be included in any public filing with the Court, and instead shall be submitted under seal. This restriction does not apply to documents that are or become part of the public domain (other than through a violation of the Protective Order) or the public court record, including documents that have been received in evidence at other trials.

11.     If the government becomes aware that the justification for designating a particular document as Protected Discovery no longer exists, the government shall advise Defense Counsel and the Court that such material is no longer subject to the Protective Order.

12.     Either party to this Protective Order may petition the Court at any time for a modification of the Protective Order.  Defense Counsel may petition the Court at any time to challenge the government's designation of material as Protected Discovery.

13.     A copy of this Protective Order shall be kept with the Protected Discovery at all times.

14. At the conclusion of this criminal case, the Protected Discovery should be returned to the government, except that Defense Counsel may retain one copy in defense counsel's file for use in potential post-trial proceedings.

Dated:  Brooklyn, New York
December 10, 2018

_____
Henry Mazurek, Esq.
Counsel to MARK WEISSMAN

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By: _____
Nathan Reilly
Assistant U.S. Attorney
718-254-6196

_____
MARK WEISSMAN

SO ORDERED:

  s/Dora L. Irizarry, Chief USDJ   12/10/18
The Honorable Dora L. Irizarry,
Chief Judge
United States District Court